# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 165

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MARTIN LOPEZ MENDEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, upon a motion filed by counsel for the defendant entitled, "Motion to Modify Bond", (#303) and it appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, William E. Loose, and that the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence presented and the records in this cause and the arguments of counsel for the defendant and the Assistant United States Attorney, the undersigned makes the following findings:

**Findings**. In an indictment filed on August 7, 2006 the defendant was charged with possession with intent to distribute methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1). After the arrest of the defendant the undersigned entered an order on August 29, 2006 detaining the defendant but allowing the defendant to participate in the Jail Based Inpatient Treatment Program and further recommended that if the defendant successfully completed the Jail Based Inpatient Treatment Program that the court reconsider the issue of release of the defendant based upon a change of circumstances, that being his completion of the Jail Based Inpatient Treatment Program. The defendant completed the Jail Based

Inpatient Treatment Program on October 20, 2006 and entered a plea of guilty on October 25, 2006 as to count one contained in the bill of indictment.

**Discussion.**  18 U.S.C. § 3143(a)(2) sets forth the criteria in regard to the release of the defendant in this matter:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> **(A)**(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

On October 25, 2006 the defendant entered a plea of guilty which was accepted by the court. The crime for which the defendant pled guilty is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, that is a crime as set forth in subparagraph (C) of subsection (f)(1) of section 3142. As a result, the defendant must be detained unless the undersigned can find that there is a substantial likelihood that a motion for acquittal or a new trial will be granted or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person. The undersigned, in this matter, cannot make either one of those factual findings.

In making the findings as set forth herein, the undersigned has considered and followed the recent order of the District Court in the case of US v Freeman, 2:06cr12-2.

Based upon the foregoing, the undersigned has determined to enter an order denying the motion of the defendant.

**ORDER**

WHEREFORE, it is **ORDERED** that the defendant's "Motion to Modify Bond" (#303) is hereby **DENIED** and that the defendant be detained pending further proceedings in this matter.

Signed: March 8, 2007

Dennis L. Howell
United States Magistrate Judge